108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freddie ROBINSON, dba Kenzo Atari, dba Crystal City,
Plaintiff-Appellee/Cross-Appellant
v.
KING LUM, INC., dba King Crystal; Kevin Chan; Connie Chan,
Defendants-Appellants/Cross-Appellee
 Nos. 95-16082, 95-16792 and 95-16147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Dec. 16, 1996.
 
 Before: WALLACE, SCHROEDER, ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 King Lum, Inc., dba, King Crystal, and Kevin and Connie Chan appeal a district court order granting the motion of Freddie L. Robinson, dba, Kenzo Atari and Crystal City, for enforcement of an underlying consent judgment and settlement agreement. The district court held that King Lum had violated the agreement and awarded damages.
 
 
 3
 This appeal turns upon the interpretation of the underlying agreement. The parties agreed that each party could exclusively produce and market certain specified sculptures, consisting of identified crystal components, and that the other party could not manufacture and sell sculptures that were "substantially similar" to those. In this action, Robinson challenged King Lum's sale of sculptures that differed from the sculptures the agreement specifically reserved for Robinson in that they contained an additional crystal component (such as a heart or a fish). Finding these King Lum sculptures to be "substantially similar" to Robinson's sculptures, the district court held that King Lum had violated the agreement.
 
 
 4
 King Lum correctly argues on appeal that the sculptures with the additional component were not "substantially similar" to the sculptures described in the agreement as being copyrighted by Robinson. The distinguishing characteristic of all of the sculptures described in the agreement was the specific combination of components in each sculpture. Thus, the agreement itself recognizes that the addition of one extra component would create a different sculpture within the intention of the parties to the agreement. Therefore, in marketing sculptures that had components different from those described in the agreement, King Lum did not sell sculptures "substantially similar" to any sculpture described in the agreement, and therefore did not violate the agreement.
 
 
 5
 REVERSED and REMANDED for entry of judgment in favor of King Lum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3